UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BENHAM,
    Plaintiff,
-vs.-

ALLIED COLLECTION SERVICES, INC.,
a foreign profit corporation,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, DAVID BENHAM, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for his Complaint against the Defendant, plead as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

1

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Montcalm County, Michigan.

3. Venue is proper in the Western District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in Greenville, Montcalm County, Michigan.

5. The Defendant to this lawsuit is Allied Collection Services, Inc., which is a foreign profit corporation that maintains a registered agent in Ingham County, Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect several medical debts allegedly owed by Plaintiff to Spectrum Health Medical Group (the alleged Debts).

7. On April 7, 2017, Mr. Benham obtained his Trans Union credit report and noticed Defendant reporting the alleged Debts.

8. On May 10, 2017, Mr. Benham submitted a letter to Defendant disputing the alleged Debts.

9. On or about August 1, 2017, Mr. Benham obtained his Equifax and Experian credit files and noticed that Defendant failed to flag the alleged Debts as disputed on both credit files, in violation of the FDCPA.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates the preceding allegations by reference.
11. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.
12. Mr. Benham is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.
13. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).
14. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:
    a. 15 U.S.C. §1692e(2)(a) by misrepresenting the character, amount or legal status of any debt. Defendant did this when it continued to report the alleged Debt on Mr. Benham's credit files without indicating that he disputed the alleged Debt.

    b. 15 U.S.C. §1692e(8) by failing to communicate that a disputed debt is disputed. Defendant did this when it continued to report the alleged Debt on Mr. Benham's credit files without indicating that he disputed the alleged Debt.

15. Mr. Benham has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

16. Plaintiff incorporates the preceding allegations by reference.
17. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).
18. Mr. Benham is a debtor as that term is defined in M.C.L. § 339.901(f).
19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee by ensuring that accounts disputed

      by consumers are disclosed as disputed when reporting credit information to the consumer reporting agencies.

20. Mr. Benham has suffered damages as a result of this violation of the Michigan Occupational Code.

21. This violation of the Michigan Occupational Code was willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

22. Plaintiff incorporates the preceding allegations by reference.

23. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

24. Mr. Benham is a "Consumer" as that term is defined at MCL § 445.251.

25. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee by ensuring that accounts disputed by consumers are disclosed as disputed when reporting credit information to the consumer reporting agencies.

26. Mr. Benham has suffered damages as a result of this violation of the MCPA.

27. This violation of the MCPA was willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

September 28, 2017        <u>/s/ Gary Nitzkin</u>
                          GARY D. NITZKIN (P41155)
                          TRAVIS SHACKELFORD P68710
                          CARL SCHWARTZ P70335
                          CREDIT REPAIR LAWYERS OF AMERICA
                          Attorneys for Plaintiff
                          22142 West Nine Mile Road
                          Southfield, MI 48033
                          (248) 353-2882
                          Fax (248) 353-4840
                          Email – gary@crlam.com